The ESTATE OF Robert F. COSTNER, By and Through its Personal Representative Tami K. COSTNER, Plaintiff,

v.

PHILLIPS PETROLEUM COMPANY, a Delaware corporation; Champion Road Machinery International, a Michigan corporation; Advance Machinery Company, an Oklahoma corporation; Phillips Pipe Line Company, a Delaware corporation; and Cummins Engine Company, Inc., an Indiana corporation, Defendants.

No. CIV–87–855–P.

United States District Court, W.D. Oklahoma.

Aug. 18, 1988.

John M. Merritt, Merritt, Rooney, Collier & Rooney, Inc., James Browne, Daniel J. Guarasci, Oklahoma City, Okl., for plaintiff.

O. Clifton Gooding, Derryberry, Quigley, Parrish, Gooding & Nance, Oklahoma City,

Okl., Walter D. Haskins, OBA, Tulsa, Okl., Gary W. Davis & Arthur F. Hoge, Crowe & Dunlevy, Gary R. Proctor, Phillips Petroleum Co., Oklahoma City, Okl., for defendants.

## MEMORANDUM DECISION AND ORDER IMPOSING SANCTIONS

PHILLIPS, District Judge.

## I. STATEMENT OF FACTS

This case involves inadequate trial preparation by plaintiff's counsel [1] and repeated failures to comply with the scheduling order of this Court.

The Complaint in this personal injury case was filed April 28, 1987. On October 8, 1987 this Court issued a scheduling order requiring plaintiff's counsel, the law firm of Merritt, Rooney, Collier & Rooney, Inc., to file its final witness list including addresses and expected testimony; and the identity, expected testimony, and curriculum vitae of experts by June 10, 1988. Order Regarding Status/Scheduling Conference p. 1 ¶¶ 3–6 (Oct. 8, 1987) [attached hereto as Exhibit A]. This Court emphasized the critical nature of this deadline date by warning that only listed witnesses could testify unless exceptional circumstances compelled reconsideration. *Id.* at ¶ 5.

■ The Court's October 1987 scheduling order further required that plaintiff's experts must be made available for deposition examination by July 8, 1988. Counsel were further put on notice that absent exceptional circumstances, failure to comply with the scheduling order would result in expert witnesses not testifying. *Id.* at ¶ 6.

On June 9, 1988, this Court again stressed the importance of the October 1987 scheduling order by denying a joint application to extend deadlines. In that order the Court warned that failure to comply with the scheduling order could result in sanctions, and provided the parties with citations of case examples from this district. Order Denying Extension of Deadlines (June 9, 1988) [attached hereto as Exhibit B].[2]

Defense counsel made written requests for the plaintiff's final witness list on May 6 and 19, and on June 10, 1988. Also, on June 7, 14, 17, and 21, 1988, defense counsel unsuccessfully requested correction of interrogatory and deposition deficiencies. On May 17, and June 3, 1988 plaintiff's counsel made unfulfilled promises to defense counsel that the deadlines would be met. In disregard of this Court's orders, repeated warnings, and the mandates of the Federal Rules, plaintiff's counsel did not file a final witness list by the deadline, nor meaningfully make plaintiff's experts available for deposition examination. Defense counsel finally resorted to filing a Motion to Compel. A hearing on the numerous motions to dismiss, motions to strike and other objections arising out of the plaintiff's failure to comply with the scheduling order was held on August 11, 1988.

Defense counsel's allegations were buttressed by the record developed at the August 11, 1988 hearing, which clearly established gross deficiencies by plaintiff's coun-

---

**1.** This Court finds no evidence of fault, nor a pattern of fault, to justify imposing sanctions against co-counsel, the law firm of James Browne of Oklahoma City. Accordingly, the references to plaintiff's counsel in this sanction order relate solely to the firm of Merritt, Rooney, Collier & Rooney, Inc.

**2.** Paragraph 14 of this Court's October 8, 1987 Order recites an important aspect of the scheduling conference held on that date. It states:

The Court also advised counsel that it will not favor motions to alter the schedule set forth above, with the exception of proposed schedule changes which (1) are agreed upon by the parties, *and* (2) which will not alter the trial date. Any motion to alter the schedule set forth in this order which does not meet both the requirements set forth in this paragraph must be accompanied by a *strong showing* setting forth in detail the compelling circumstances justifying the proposed schedule changes.

The parties' failure to provide the Court with sufficient justification for the proposed schedule changes, as well as the effect such changes would have on the Court's docket, resulted in the June 9, 1988 Order Denying Extension of Deadlines.

sel in violation of this Court's orders.[3] Specifically, the record in this case reveals that plaintiff filed three witness lists on the following dates: April 28, 1988 (the "Preliminary Witness List"); June 17, 1988 (the "Supplemental Witness List"); and July 15, 1988 (the "Revised Witness List"). The latter two lists were clearly in violation of this Court's June 10, 1988 witness list deadline. Moreover, as set forth below, the names on the lists were continually shuffled by plaintiff's counsel and contained numerous deficiencies.

The April 28, 1988 witness list, while timely filed, contains seventy-nine (79) witnesses with incomplete names, and inadequate addresses and testimonial summaries. For example, three (3) Emergency Medical Technicians on page 3 are listed by only their first names: "Leroy ——", "Lynn ——", and "Fred ——". The address of the plaintiff, Tammie K. Costner, is totally absent on page 1; and on page 2, Bradley James' address is listed as Keyes, Oklahoma without a street address. On page 13, there is no testimony summary for C.K. Ahrens. Although listing nine (9) experts, curriculum vitae were not attached as ordered by paragraph 6 of the October 1987 scheduling order.

The Supplemental Witness list filed out of time by plaintiff's counsel on June 17, 1988 demonstrates a similar pattern of violations of this Court's Order. That list contained eighty-six (86) witnesses, but still contained incomplete names and addresses as on the Preliminary List. Many unidentified witnesses were simply lumped into categories such as:

EMPLOYEES OF DEFENDANT, PHILLIPS PETROLEUM COMPANY

All persons who are employees of such Defendant who have investigated the incident complained of or who have knowledge of the hiring, firing and/or training practices of such Defendant or who may have knowledge concerning the safety practices of such defendant or who may

have custody of records concerning same. . . .

Supplemental Witness List, p. 5 (June 17, 1988).

Quite obviously, such a list was of little benefit to defense counsel, particularly in light of the fact that discovery depositions were to end July 8, 1988. Order Regarding Status/Scheduling Conference, p. 1 ¶ 2 (Oct. 8, 1987) [Exhibit A].

On July 8, 1988 plaintiff moved this Court to endorse two additional expert witnesses, ostensibly to replace an expert who resigned. However, one of these two experts was proffered to testify on diesel mechanics, despite the fact that no previously endorsed expert was purportedly qualified in that area. This late endorsement appears to be another abuse of scheduling orders. Fed.R.Civ.P. 16(f); Order Regarding Status Scheduling Conference, p. 1 ¶ 6 (Oct. 8, 1987) [Exhibit A].

On July 15, 1988 a Revised Witness List containing thirty-six (36) witnesses was filed by plaintiff over a month out of time. This "Revised List" still contained incomplete addresses as illustrated above. An expert witness, Bill Burrus, was listed as a miscellaneous witness and no curriculum vita was attached; nor was a vita for Dr. Alexander J. Patton provided, as required.

These witness lists were not only confusing to opposing counsel and the Court, but also to plaintiff's counsel. Plaintiff's motion of July 22, 1988 reads in relevant part:

Plaintiff has prepared and filed a Revised Witness List [July 15, 1988 list] which reduces the number of witnesses contained in the list filed on June 17, 1988, and adds no additional witnesses not contained in that list. . . . .

Plaintiff's Motion For Leave Of Court To File Revised Witness List Nunc Pro Tunc, p. 2, ¶ 4 (July 22, 1988).

However, contrary to this representation, this Court finds the names of Bill Dugan on page 4, and Cranstan Flesher on page 5 of the "revised list" that were not on the

---

**3.** The Court's findings and conclusions from that hearing are hereby incorporated by reference, and a transcript of that hearing shall be prepared by the Court Reporter at the expense of any party appealing this Order.

June 17, 1988 list.[4] Then, plaintiff's July 15, 1988 brief reads in relevant part:

> All of the witnesses contained on the plaintiff's reduced witness list filed contemporaneously herewith were contained in plaintiff's Exhibit [sic] List filed herein on April 28, 1988, except the following witnesses: ... BILLIE JACK WELDON....

[Plaintiff's] Brief and Response In Opposition To The Motion Of All Defendants To Dismiss Plaintiff's Use Of Any Witnesses At Trial, pp. 4, 5 (July 15, 1988).

During the hearing of August 11, 1988 this Court, in reliance on plaintiff's brief, asked one of plaintiff's counsel, Mr. Ronald V. Collier, if he had failed to list Billie Jack Weldon on the April 28, 1988 list. Despite the contrary language in plaintiff's brief, plaintiff's counsel informed the Court that the witness had been listed. Then, counsel erroneously denied that his brief had listed Billy Jack Weldon as an exception to the earlier list. While minor in nature, this series of errors alone provides a window into the chaotic state of plaintiff's litigation camp.

After reviewing the entire matter, this Court cannot help but agree with defense counsel that it has been virtually impossible to determine the complete names, addresses, testimony, and vitae of plaintiff's witnesses. As a result, defense counsel has been placed in a totally unfair position in discovering any claimed factual basis for the claims against the defendants.

■ Unfortunately, this is not the first time that the Merritt law firm has failed to meet court-imposed deadlines. In fact, on June 4, 1982, Mr. Merritt was personally notified by *all* of the Judges of the Western District of his firm's poor track record in this regard. The letter stated:

> At our Judges' Conference today we discussed the problems that each of us have had with you and your firm, particularly in regard to your failure to meet deadlines and repeated requests for extensions of time.

Each of us believes that your performance has reached the point that it can no longer be tolerated. It is unfair to the litigants as well as to the Court.

> We have considered several alternatives including the dismissal of those cases in which your conduct has been particularly egregious. That possibility is not foreclosed but it will be an individual decision by the judge to whom a case is assigned.

> However, as a group, by this letter we are advising you that we will not tolerate your continual delays and failure to meet deadlines. If your conduct continues, we will consider suspending you from the practice of law before this Court.

> We all trust that this will serve as adequate notice and further action will not be necessary.

Letter from United States District Judges Luther B. Eubanks, Ralph G. Thompson, Lee R. West and David L. Russell of the Western District of Oklahoma to Mr. John M. Merritt (June 4, 1982) [attached hereto as Exhibit C].

It is clear to this Court that the problem which existed in 1982 has not been adequately corrected. Since the undersigned's swearing-in as a District Judge in June, 1987, the Court has received dozens of requests for extensions of time from this firm arising out of its inability to meet deadlines. In fact, in the only case involving the Merritt firm which has proceeded to trial before this Court, there were at least six (6) requests for extensions of time made *after* the Court had granted plaintiff's counsel three (3) opportunities to amend its complaint. *Brandon Burr v. State Indus.,* No. 87–786–P (W.D.Okla. May 31, 1988). Moreover, the trial of the case was characterized by opposing counsel making numerous objections, with many sustained by this Court, of unnoticed witnesses and exhibits, and general "trial by ambush" tactics.

Similarly, in the most recent lawsuit filed by plaintiff's counsel before this Court,

---

**4.** At the August 11, 1988 hearing, plaintiff's counsel informed the Court that Cranston Flesher would not be called as a witness at trial, and his name is hereby stricken from the Revised Witness List.

*Franks v. Honda Motor Co.,* No. 88–492–P (W.D.Okla. Mar. 22, 1988), there have already been at least six (6) requests for extensions of time by plaintiff's counsel since the complaint was filed in March, 1988. *See, e.g.,* Minute Order (July 14, 1988) (directing plaintiff's counsel to file an affidavit regarding failure to comply). Another case before this Court, *Estate of Pledger v. Beech Aircraft Corp.,* No. 86–1295–P (W.D.Okla. June 12, 1988) involved at least seven (7) applications for extensions of deadlines prior to its resolution by settlement. In short, plaintiff's counsel's inability to complete discovery and adequately prepare this case for trial in a timely fashion is not an isolated incident. While neither the 1982 letter mentioned above, nor the numerous requests for extension of deadlines in other matters provide the basis for any of the sanctions imposed in this case, their historical relevance cannot be ignored.

## II. AUTHORITY FOR IMPOSITION OF SANCTIONS

In managing and controlling its ever-increasing caseload, the Court has the inherent and statutory power, and mandatory duty to sanction the defaulting party or attorney. *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *In re Baker,* 744 F.2d 1438, 1442 (10th Cir. 1984) (en banc), *cert. denied.,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985). In exercising this power, the Court has the authority to enforce its orders with a view toward promptly processing and adjudicating its lawsuits. *Stanley v. Continental Oil Co.,* 536 F.2d 914 (10th Cir.1976).

With regard to scheduling orders and trial preparation, the Court also has "very broad" discretion in fashioning appropriate sanctions under Rule 16(f) for failure to comply with the pretrial orders of this Court. Fed.R.Civ.P. 16(f); *American Med. Sys. v. Picker Int'l,* No. 85–1619, (10th Cir. Mar. 30, 1987); *Roy v. American Prof. Mtkg., Inc.,* 117 F.R.D. 687, 9 Fed.R.Serv. 3d (Callaghan) (W.D.Okla.1987). As the Tenth Circuit stated in *In re Baker:*

[T]here can be no doubt that subsection (f), added as part of the 1983 amendments to Rule 16, indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.

744 F.2d at 1440.

The *Baker* court went on to state that the primary purpose for sanctions in the Rule 16 context is to insure reasonable management requirements for case preparation, with the compensation of adversely affected parties serving only a secondary purpose for the imposition of sanctions. *Id.* at 1441.

For failure to obey a scheduling order, Rule 16(f) specifically authorizes sanctions that are just, including those set forth in Rule 37(b)(2)(B), (C), and (D), as well as "reasonable expenses incurred because of any noncompliance with this Rule [16(f)], including attorney's fees, unless the Judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Fed. R.Civ.P. 16, 37. Here the Court finds that plaintiff's failure to file a satisfactory witness list in a timely fashion was not justified. Moreover, the Court finds an award of expenses and the imposition of sanctions to be justified.

This Court finds distasteful the task of sanctioning parties to litigation or their counsel. Indeed, this Court has rarely and reluctantly imposed monetary sanctions against parties and counsel for inadequate preparation and failure to comply with scheduling orders and discovery requests under Rule 16. *See, e.g.,* Orders Imposing Sanctions, in *Roy v. American Prof. Mktg., Inc.,* 117 F.R.D. 687 (W.D.Okla.1987); *Roberts v. McCrory,* 693 F.Supp. 988, (W.D. Okla.1987); *Lindsey v. United States,* 693 F.Supp. 1012 (W.D.Okla.1988). However, as the Tenth Circuit stated in *In re Baker:*

[W]e are dealing with the matter most critical to the court itself: management

of its docket and evidence of unnecessary burdens on the tax-supported court, opposing parties or both.

744 F.2d at 1441.

In addition to the hardship worked on litigants and the Courts by sloppy trial preparation and slovenly discovery practices, there is an additional victim to be considered—the public. As stated by the Court in *United States v. Reaves*, 636 F.Supp. 1575, 1578 (E.D.Ky.1986) (footnote omitted):

> There is an unnamed party in every lawsuit—the public.... The public's right to a "just, speedy, and inexpensive determination of every action" is infringed, if a court allows a case, civil or criminal, to preempt more than its reasonable share of the court's time.

This case has already required an undue amount of supervision, which could have been prevented if plaintiff's counsel adequately prepared this case for trial and diligently complied with the October 1987 scheduling order. Echoing the words of the Tenth Circuit in *In re Baker*, orders such as this will serve as an appropriate sanction message to the law firm involved and to the bar generally. 744 F.2d at 1440.

## III. SANCTIONS

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the following sanctions are imposed against the law firm of Merritt, Rooney, Collier & Rooney, Inc. for failure to comply with this Court's Scheduling Orders:

1. Counsel for plaintiff shall produce the following witnesses in Oklahoma City for deposition prior to September 15, 1988: Bill Burrus, Susie Williams, Penny Klingsland, Susie Zaring, Leroy Zaring, Dick Clifford, Juanita Burrow, Sam Wallace, Dave Dallas, and Bill Dugan. These are witnesses plaintiff wished to endorse after the June 10, 1988 witness list deadline. Should plaintiff determine that one or more of the above-listed witnesses will *not* be called by plaintiff to testify at trial, plaintiff's counsel are relieved from producing that witness for deposition. The transportation and transcription costs associated with the depositions shall be personally borne by plaintiff's counsel. Additionally, affidavits of reasonable attorney fees for all defense counsel attending and preparing for the depositions, and for the August 11, 1988 hearing shall be filed by September 22, 1988. Objections to only the fee amounts, if any, shall be filed by plaintiff's counsel by October 3, 1988. The Court shall resolve any disputes over the reasonableness of attorney fees. If there are no objections to the fee amounts in question, the fees shall be paid forthwith to defense counsel. All witnesses on the July 15, 1988 list with incomplete addresses, and expert witnesses without filed vitae, are hereby stricken, with leave granted to plaintiff to amend her witness list and responses to interrogatories to correct these deficiencies, within ten (10) days of this order.

2. By September 22, 1988, defense counsel shall notify plaintiff of any additional and previously unlisted witnesses defendants will call which arise directly out of the plaintiff's listing of the ten (10) additional witnesses named above. If plaintiff's counsel elect to depose such witnesses then they shall be made available in Oklahoma City for deposition by October 6, 1988, but plaintiff's counsel shall personally bear the costs of the transcription, transportation, and all reasonable attorneys fees as set forth in paragraph numbered one on the previous page. Defense counsel shall file affidavits setting forth the reasonable attorney fees associated with such depositions by October 10, 1988, with plaintiff's objections to the fees, if any, filed by October 17, 1988. Again, if there are no objections to the fee amounts in question, the fees shall be paid forthwith to defense counsel.

3. Based on the hardship imposed on the Court the law firm of Merritt, Rooney, Collier & Rooney, Inc. shall pay to the Clerk of this Court $4,000 by September 1, 1988 as an additional sanction for failure to comply with this Court's Scheduling Orders. *American Med. Sys. v. Picker Int'l.*, No. 85–1619 (10th Cir. Mar. 30, 1987).

4. Counsel for defendants shall also file affidavits by September 22, 1988

detailing the hours and rates associated with responding to plaintiff's motions to endorse additional witnesses and plaintiff's motion to file the witness list nunc pro tunc. No time shall be allocated for any of defendants' various motions to dismiss and such motions are DENIED. Plaintiff's objections to fee amounts set forth in the affidavits shall be filed by October 3, 1988.

5. In accordance with the law of this circuit, the Court finds that the misconduct in question was the fault of counsel for the plaintiff and not the client. *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir.1987); *Smith v. United States*, 834 F.2d 166, 171 (10th Cir.1987). Accordingly, at the conclusion of this litigation, but no later than November 30, 1988, plaintiff's counsel shall file an affidavit with this Court verifying:

a. That all sanctions imposed by this order have been paid.

b. That the law firm of Merritt, Rooney, Collier & Rooney, Inc. exclusively bore the expenses associated with the sanctions, and not their client in this case.

c. That no monies derived or obtained from the plaintiff in this case, nor from the litigation in this case, were used or will be used to pay the sanction amounts.

6. Mr. Ronald V. Collier and the law firm of Merritt, Rooney, Collier & Rooney, Inc., are hereby reprimanded and a copy of this Order shall be provided to all other judges and magistrates of this Court and all bankruptcy judges for the Western District of Oklahoma. Furthermore, copies of this Order will be provided to the Clerk of this Court and the Bankruptcy Court of this district with instructions that the Clerks file the Order in such a way that the names of Mr. Ronald V. Collier and the Merritt, Rooney, Collier & Rooney, Inc. law firm may be retrieved with respect to this case in the event Mr. Collier or this firm are delinquent or sanctionable in any future case.

7. Based on the hardship imposed on this Court, the defendants, and defense counsel in this matter and directly as a result of the failure of the law firm of Merritt, Rooney, Collier & Rooney, Inc. to file its witness lists in a complete and timely fashion, and its failure to properly identify and produce its experts for discovery pursuant to paragraph 6 of this Court's Scheduling Order or in a reasonable fashion, in violation of Rule 16(f) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED AS FOLLOWS:

DEFENDANTS' MOTIONS TO DISMISS, TO STRIKE WITNESS LISTS, AND TO PROHIBIT PLAINTIFFS FROM USING EXPERT WITNESSES AT TRIAL ARE DENIED. PLAINTIFF'S MOTIONS TO FILE WITNESS LIST NUNC PRO TUNC AND ENDORSE ADDITIONAL WITNESSES ARE GRANTED SUBJECT TO THE CONDITIONS SET FORTH HEREIN. PLAINTIFF'S MOTION TO REOPEN DISCOVERY IS DENIED EXCEPT INSOFAR AS SET FORTH ABOVE. HOWEVER, DEFENDANTS SHALL PRODUCE ALL EXPERT WITNESSES WHO WILL ACTUALLY TESTIFY AT TRIAL FOR DEPOSITION IN ACCORDANCE WITH PARAGRAPH 6 OF THIS COURT'S SCHEDULING ORDER, WITH ALL PARTIES TO BEAR THEIR OWN COSTS.[5]

BY NOVEMBER 30, 1988, THE LAW FIRM OF MERRITT, ROONEY, COLLIER & ROONEY, INC. WILL PAY TO DEFENDANTS' COUNSEL REASONABLE ATTORNEY FEES ASSOCIATED WITH THE HEARING OF AUGUST 11, 1988 AND RESULTANT DEPOSITION COSTS RELATING TO THE FAILURE TO FILE ITS WITNESS LISTS IN A TIMELY AND COMPLETE FASHION. THE LAW FIRM OF MERRITT, ROONEY, COLLIER & ROONEY, INC. SHALL PAY BY SEPTEMBER 1, 1988, $4,000 TO THE CLERK OF THIS COURT FOR FAILURE TO COMPLY WITH THE COURT'S SCHEDULING ORDER.

---

**5.** The Court finds any noncompliance with this Court's Scheduling Order by defendants is justified within the meaning of Fed.R.Civ.P. 16(f) because it arises directly from plaintiff's counsel's failure and/or refusal to comply with this Court's Scheduling Order.

SHOULD THE LAW FIRM OF MERRITT, ROONEY, COLLIER & ROONEY, INC. DESIRE TO APPEAL THIS ORDER, THE $4,000 SHALL BE PAID TO THE CLERK OF THE COURT ON SEPTEMBER 1, 1988, AND AMOUNTS OF REASONABLE ATTORNEY FEES IN DEFENSE COUNSELS' AFFIDAVITS SHALL BE PAID TO THE COURT CLERK WITHIN TEN (10) DAYS OF BEING FILED (IF NO OBJECTION) OR WITHIN TEN (10) DAYS OF BEING APPROVED BY THE COURT (IN THE EVENT OF OBJECTION), AND SUCH MONIES SHALL BE PLACED IN AN INTEREST BEARING ACCOUNT, TO BE DISBURSED BY THE CLERK UPON FINAL RESOLUTION OF THIS MATTER.

## IV. CONCLUSION

Trial is set for October 24, 1988 at 9:00 a.m. No further extensions or continuances will be permitted. Counsel are directed to this Court's Pretrial Scheduling Order of August 11, 1988 for revised scheduling dates.

DOCKETED

FILED

OCT 0 6 1987

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT D. DENNIS
CLERK, U. S. DISTRICT COURT

BY _____
DEPUTY

Estate of RBT Costner
                Plaintiff,

vs.

Phillips Petroleum, et al
                Defendant.

Case No. 87-855-P

ORDER REGARDING
STATUS/SCHEDULING CONFERENCE

This matter came before the Court for purposes of a Status/Scheduling Conference on the 8th day of October, 1987. Appearing for the plaintiff(s) at said conference was Bob Hayded

Appearing for the defendant(s) at said conference was D. Clifton Gooding; Walter Haskins; Gary Davis; Gary Proctor

The following deadlines were set by the Court at the conference:

1. Motions to join additional parties or to amend pleadings shall be filed by Jun 17, 1988.

2. The discovery cutoff date in this matter is July 8, 1988. Plaintiff's final contentions are to be filed with the Court by July 22, 1988. Defendant's final contentions are to be filed with the Court within 10 days thereafter.

3. By Jun 10, 1988, the plaintiff shall submit to the defendant its final list of witnesses in chief, together with addresses and a brief summary of expected testimony where the witness has not already been deposed.

4. By Jun 17, 1988, the defendant shall submit to the plaintiff its final list of witnesses in chief, together with addresses and a brief summary of expected testimony where the witness has not already been deposed.

5. **The exchange of witnesses required by paragraphs 3 and 4** shall be by letter, with a copy of said letter to be submitted to the Clerk of this Court for filing. Except by leave of Court <u>and</u> exceptional circumstances shown, no witness shall be permitted to testify in chief for any party unless such witness's name was listed in the letter of transmittal.

6. With regard to expert witnesses, the identity and area of expertise must be made known; and the expert's curriculum vitae must be filed with the Clerk of the Court as part of the letter of transmittal referenced in paragraph 5. The curriculum vitae filed with the Clerk shall be in written form suitable for introduction into evidence as an exhibit at trial. Moreover, the expert must be made available for deposition examination during the discovery period unless waived by opposing counsel. Upon failure to accomplish the above, the expert will not be permitted to testify absent exceptional circumstances.

7. By _Jun 24, 1988_, the plaintiff shall provide defendant its final exhibit list, containing the proposed number and a brief description of each exhibit which is intended to be offered. The list shall be in conformity with the format set forth in Appendix III of the Local Rules. By _July 1, 1988_, the defendant shall provide plaintiff its final exhibit list in the same fashion. Absent compelling reasons, exhibits which have not been provided pursuant to this paragraph will not be received at trial. All exhibits which are the subject of the above referenced exhibit lists and which are intended to be offered into evidence shall be premarked and reviewed by the parties at least ten (10) days prior to the commencement of the trial. The Clerk will supply gummed labels for this. No trial time will be used for the marking of exhibits.

8. All dispositive motions shall be filed by the parties by _July 22, 1988_. Responses to said motions will be filed by _Aug 5, 1988_, and the replies to said responses, if permitted by the Court upon application, shall be filed by _Aug 12, 1988_.

9. If there are pending dispositive motions or other motions, a supplemental Status Conference for hearing on these motions shall be held on _Aug 22, 1988_. Unless waived by the Court, a joint status conference report in compliance with Local Rule 17(b), and in conformity with the format set forth in Appendix IV to the Local Rules of this district, shall be filed with the Court at least one week prior to the supplemental Status Conference.

10. Plaintiff's counsel is directed to initiate settlement discussions with the defendant on or before _____ and report status of such discussions to the Court no later than _Jun 24, 1988_. A Settlement Conference in this matter shall be held before a United States Magistrate at a date prior to _Sept 1, 1988_, said date to be set by the Magistrate after coordination with the parties and the Clerk's Office.

11. The trial date for this matter shall be set for the _Sept 12_ 19_88_ trial docket. The case will be tried to (a jury, the Court). A jury demand (has, has not) been made by _____.

12. On _Sept 5, 1988_, one week prior to the trial of this matter, the parties shall file suggested voir dire,

requested jury instructions, motions in limine, and, if désired, trial briefs. Any objections (optional) to the above trial referenced submissions shall be filed five (5) days thereafter. In non-jury matters, proposed findings of fact and conclusions of law are to be submitted no later than _SEPT 5, 1988_ .

13. By _SEPT 5, 1988_ , a final pretrial order approved by all counsel in conformity with Local Rule 17(b) and the format set forth in Appendix IV of the Local Rules of this district, shall be submitted to the Court. The parties in particular are directed to page iii of Appendix IV with regard to the specification of all objections to proposed exhibits, with said specifications containing the evidentiary rule or rules relied upon. Exhibits which are not objected to in the final pretrial order shall be deemed admitted at trial without the necessity of a further evidentiary foundation or hearing.

14. The Court also advised counsel that it will not favor motions to alter the schedule set forth above, with the exception of proposed schedule changes which (1) are agreed upon by the parties, and (2) which will not alter the trial date. Any motion to alter the schedule set forth in this order which does not meet both of the requirements set forth in this paragraph must be accompanied by a strong showing setting forth in detail the compelling circumstances justifying the proposed schedule changes. The parties were also advised that motions which are not responded to within the specified period of time "shall be deemed confessed." See Local Rule 14(A) of the Western District of Oklahoma. Failure to comply with the other deadlines set forth in this order will be handled in a similar fashion.

14. Other: _4 to add ptgs. w/i 7 days; cts gen ord memos re dispos mtn's & disco issued to ptys._

---

Time Started:_____

Time Ended: _____

BY ORDER OF THE COURT.

LAYN R. PHILLIPS
United States District Judge

Counsel for Plaintiff(s)

_Robert W. Hayden_

Counsel for Defendant(s)

EXHIBIT B

In the United States District
Court for the

Western District of Oklahoma

Case No. CIV–87–855–P

Filed June 9, 1988

The Estate of Robert F. Costner, By and
Through its Personal Representative
Tammie K. Costner, Plaintiff,

vs.

Phillips Petroleum Co., et al., Defendant.

## ORDER DENYING EXTENSION OF DEADLINES

TO ROBERT DENNIS, CLERK OF THE
COURT:

Please enter the following minute order
in the above entitled case:

This matter comes on in connection with
joint application for continuance of certain
pretrial deadlines.

On October 8, 1987, a scheduling confer-
ence was held in this matter, at which time
the parties agreed to a discovery (7–8–88)
cut-off date of 270 days, after which the
Court established a number of deadlines,
including a trial date of September 12,
1988.

The scheduling order entered by the
Court at the scheduling conference advised
the parties that the Court would not favor
proposed schedule changes (including
agreed-upon schedule changes), which
would alter the trial date or the dispositive
motion dates set by the Court unless a
showing of "compelling" circumstances
was made.

The relief requested by all parties from
the scheduling order would affect both the
trial date and dispositive motion dates, as
well as other deadlines established by the
Court. Moreover, the Court finds that the
application fails to satisfy the compelling
circumstances requirement of the previous-
ly issued scheduling order. Accordingly,
the application is DENIED.

The parties may, however, conduct any
further discovery which is (1) mutually
agreed upon *and* (2) will not impact the
trial date, the resolution of dispositive mo-
tions, or the pretrial filings required by
paragraphs 8–13 of the scheduling order.

Failure to comply with the scheduling
orders of the Court may result in the impo-
sition of sanctions pursuant to Rules 16
and 37 of the Federal Rules of Civil Proce-
dure. *Albert O. Roy, et al. vs. American
Professional Marketing, Inc., an Okla-
homa Corporation, et al.,* CIV–84–305–P
(W.D.Okla. October 21, 1987); *Robby Lee
Tucker Roberts, et al. vs. James Lyndall
McCrory, et al.,* CIV–86–1571–P (W.D.
Okla. December 14, 1987); *Margareta B.
Lindsey vs. United States of America,*
CIV–85–2936–P (W.D.Okla. February 9,
1988).

IT IS SO ORDERED THIS 9th DAY OF
June, 1988.

(s) Layn R. Phillips
LAYN R. PHILLIPS
United States District Judge

Counsel Notified_____.

Clerk to Notify  XXX

EXHIBIT C

United States District Court

Western District of Oklahoma

June 4, 1982

Mr. John M. Merritt

Attorney at Law

1411 Classen Boulevard,

Oklahoma City, OK

Dear Mr. Merritt:

At our Judges' Conference today we dis-
cussed the problems that each of us have
had with you and your firm, particularly in
regard to your failure to meet deadlines
and repeated requests for extensions of
time.

Each of us believes that your perform-
ance has reached the point that it can no
longer be tolerated. It is unfair to the
litigants as well as to the Court.

We have considered several alternatives
including the dismissal of those cases in
which your conduct has been particularly

egregious. That possibility is not foreclosed but it will be an individual decision by the judge to whom a case is assigned.

However, as a group, by this letter we are advising you that we will not tolerate your continual delays and failure to meet deadlines. If your conduct continues, we will consider suspending you from the practice of law before this Court.

We all trust that this will serve as adequate notice and further action will not be necessary.

Sincerely,
(s) Luther B. Eubanks
LUTHER B. EUBANKS
United States District Judge

(s) Ralph G. Thompson
RALPH G. THOMPSON
United States District Judge

(s) Lee R. West
LEE R. WEST
United States District Judge

(s) David L. Russell
DAVID L. RUSSELL
United States District Judge