In re **M & L BUSINESS MACHINE COMPANY, INC., Debtor.**

**Christine L. JOBIN, Trustee of the Estate of M & L Business Machine Co., Inc., Plaintiff/Appellee,**

v.

**G. LALAN and J. Lalan, Defendants/Appellants.**

**Civ. A. No. 93–K–2443.**

United States District Court, D. Colorado.

April 11, 1994.

---

Christine Jobin, pro se.

C. Vincent Phelps, Brighton, CO, for defendants/appellants.

## MEMORANDUM DECISION
## ON APPEAL

KANE, Senior District Judge.

Appellant Gregory Lalan appeals the bankruptcy court's decision in an adversary proceeding filed by Christine Jobin, trustee for M & L Business Machine Co., Inc. ("Trustee"), under 11 U.S.C. §§ 544, 547 and 548 for the recovery of estate property. Lalan argues that the bankruptcy court erred in (1) denying his motion to dismiss for lack of subject matter jurisdiction made at the close of trial, (2) excluding the testimony of his witness, Robert Joseph, the principal shareholder and owner of M & L Business Machine Co., Inc. ("Debtor"), as a sanction for

Lalan's failure to comply with the court's procedural order regarding the exchange of witness lists, (3) violating his due process rights through the use of joint administration for all adversary proceedings filed by the Debtor's trustee in 1992. I affirm.

## I. *Facts*

Lalan was one of many investors in the Debtor's Ponzi scheme. The Ponzi scheme collapsed after the Debtor filed its bankruptcy petition on October 1, 1990. On December 15, 1992, the Trustee filed an adversary proceeding seeking to recover from Lalan transfers of funds which he received from the Debtor during the ninety days and one year preceding the petition date. The bankruptcy court conducted a one-day trial on October 19, 1993. On November 8, 1993, the court entered judgment against Lalan and in favor of the Trustee under § 547(b) for $45,000, § 548(a)(1) for $54,046 (later amended to $409,476), and § 548(a)(2) for $409,476. 160 B.R. 851. The court recognized that the judgments were duplicative and ordered that the Trustee recover only a total of $409,476, plus costs and interest.

## II. *Standard of Appellate Review*

In reviewing a bankruptcy court decision, I must accept the court's findings of fact, whether based on oral or documentary evidence, unless they are clearly erroneous. Bankr.R. 8013; *Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.)*, 798 F.2d 396, 399 (10th Cir. 1986). I must also give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses. *Id.* Conclusions of law are reviewed *de novo. Id.* at 399–400.

## III. *Merits*

### A. *Subject Matter Jurisdiction*

■ Lalan argues that the bankruptcy court lacked subject matter jurisdiction since the properties transferred to Lalan from the Debtor do not meet the definition of property of the estate pursuant to 11 U.S.C. § 541 and therefore are not voidable transfers under 11 U.S.C. §§ 544, 547 and 548. Lalan claims that, since the Debtor was concededly operating a Ponzi scheme, all of the proceeds from that scheme were derived from fraud. Lalan argues that § 541 does not define what

constitutes a legal or equitable interest of the debtor in property, but according to federal case law, relies upon state law for such definition. *See Bavely v. IRS (In re Terwilliger's Catering Plus, Inc.)*, 911 F.2d 1168, 1172 (6th Cir.1990). Lalan maintains that under Colorado theft statutes, obtaining funds by fraud amounts to theft and such funds never become the property of the debtor, but may be recovered by the defrauded victim. *See* 18 Colo.Rev.Stat. § 18–4–401, 405 (1986). Therefore, he argues, the bankruptcy court did not have jurisdiction to order transfer of funds, which were never the Debtor's property, to the Trustee.

The Trustee counters that even accepting that, under the technical definition, the Debtor committed theft, Lalan gave the Debtor his money voluntarily and therefor the Debtor at least had a possessory right to the property. Therefore, the Trustee argues, she may recover such right under 11 U.S.C. §§ 547 and 548 which allow the Trustee to avoid any transfer of an "interest of the debtor in property" and do not limit recovery to those instances where the Debtor had absolute title to the property.

I considered the same issue in *Jobin v. Youth Benefits Unlimited (In re M & L Business Machine Co., Inc.)*, 164 B.R. 148, 152 (D.Colo.1994). There, following one of the original Ponzi scheme cases, *Cunningham v. Brown*, 265 U.S. 1, 11–12, 44 S.Ct. 424, 426–427, 68 L.Ed. 873 (1924), and more recent cases decided under the Bankruptcy Code, I held that untraced, hopelessly commingled funds which the debtor obtained by fraud are property of the estate. *See, e.g., Oxford Organisation, Ltd. v. Peterson (In re Stotler & Co.)*, 144 B.R. 385, 390–92 (N.D.Ill. 1992); *Lopresto v. Department of Revenue (In re Iorizzo)*, 114 B.R. 19, 24 (E.D.N.Y. 1990); *Merrill v. Dietz (In re Universal Clearing House Co.)*, 62 B.R. 118, 122–24 (D.Utah 1986); *Emerson v. Maples (In re Mark Benskin & Co.)*, 161 B.R. 644, 653–56 (Bankr.W.D.Tenn.1993). Here, as in *Jobin v. Youth Benefits Unlimited*, Lalan does not attempt to trace the property for the purposes of imposing a constructive trust, and therefore, the funds remain the property of the Debtor. *See In re Iorizzo*, 114 B.R. at

24. Accordingly, the bankruptcy court had subject matter jurisdiction to order the transfer of such property to the Trustee and did not err in denying Lalan's motion to dismiss on this ground.

## B. *Exclusion of Witness Testimony*

■ I must review the bankruptcy court's sanction for non-compliance with its scheduling order for an abuse of discretion. *See G.J.B. & Assocs., Inc. v. Singleton,* 913 F.2d 824, 825 (10th Cir.1990). Under this standard, I should not disturb the sanction unless I have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *McEwen v. City of Norman,* 926 F.2d 1539, 1553–54 (10th Cir.1991) (*quoting United States v. Ortiz,* 804 F.2d 1161, 1164 n. 2. (10th Cir.1986)).

■ Lalan argues that the bankruptcy court abused its discretion in sanctioning him for failing to comply with its order regarding the exchange of witness lists by excluding the testimony of his witness, Robert Joseph, the principal shareholder and owner of the Debtor. Lalan maintains that the Trustee was not sanctioned although she missed the deadline for the exchange of exhibits and witness lists on October 4, 1993. On that day, after the Trustee's request to Lalan's counsel, Mr. Phelps, for a one day extension of the deadline was refused, the Trustee advised that the documents would be delivered to his office late that afternoon. The Trustee's runner attempted to deliver the documents to Phelps' office after office hours. Finding the office closed, the runner left the documents at a nearby police department. In response to an 8:00 a.m. call from the Trustee on October 5, 1994, Phelps' secretary promptly collected the documents from the police department. Contrary to the bankruptcy court's scheduling order of July 19, 1993, Lalan at no time delivered a witness list. His counsel, Phelps, was under the mistaken impression that having identified the witnesses he intended to call in the joint pretrial statement and having secured a writ in order for Mr. Joseph to be brought from prison to testify, he had fulfilled his duty to notify.

The scheduling order states: "All witness lists must likewise be exchanged no later than *15 days* prior to trial. Any witness not listed shall not be allowed to testify." (*See* R.Doc. 17 ¶ 14.) This prerequisite of a delivery of a separate witness list is distinct from the order's requirement that the parties submit a pretrial statement including a complete list of witnesses and a brief summary of the expected testimony of each. (*See* R.Doc. 17 ¶ 8.) The joint pretrial order identified Joseph as a witness but did not provide a summary of his expected testimony. (*See* R.Doc. 24 at 10.)

I find that the bankruptcy court did not make clear error of judgment or exceed the bounds of permissible choice when it refused to allow Joseph to testify. Nor do I find that the court abused its discretion in sanctioning Lalan, but not the Trustee who, at worst did not deliver the witness list until the morning following the court imposed deadline. At most the failure to complete delivery when Counsel's office was closed is *de minimis.* Notably, Lalan's counsel, Phelps, failed in other respects to follow the court's scheduling order. For example, the court admitted certain exhibits into evidence, although it admonished Phelps for failure to provide them in accordance with the scheduling order. (Tr. at 125–26.)

Bankruptcy Rule 7016 provides that Fed. R.Civ.P. 16 regarding pretrial procedures applies in adversary proceedings. Under Fed. R.Civ.P. 16(f), "if a party or party's attorney fails to obey a scheduling or pretrial order ... the judge ... may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Those orders include prohibiting the introduction of evidence, dismissing the action or treating the non-compliance as contempt.

The court had stressed the importance of compliance with the delivery of a witness list in its scheduling order, specifically stating that any witness not listed would not be allowed to testify. (*See* R.Doc. 17 ¶ 14.) I find no abuse of discretion in the court's enforcement of the plain wording of its scheduling order.

## C. *Due Process*

Lalan argues that he was deprived of his property without due process in violation of the Fifth Amendment of the U.S. Constitution and Article II, Section 25 of the Constitution of the State of Colorado. He maintains that his right to due process was violated by the bankruptcy court's order requiring joint administration of the adversary proceedings generated by the Debtor's bankruptcy case, which severely restricted discovery and resulted in conflicting procedural orders and the scheduling of the trial at a time which placed his counsel under unreasonable time constraints.

■ Lalan did not raise all of these issues in the bankruptcy proceedings. On September 17, 1993, Lalan filed a motion for the extension of the discovery cut-off and trial dates. (R.Doc. 20.) He asserted that on September 15, 1993, he received certain discovery requests from the Trustee and that he would require the full statutory thirty days to respond to these requests, which would not allow discovery to be completed by the October 18, 1993 deadline, the date set for a status and trial on the three day trailing docket. Lalan did not raise the issue of joint administration or conflicting procedural orders in his motion as a basis for continuing the trial. In fact, the motion states that Lalan's counsel "verily believed [at the scheduling conference on July 19, 1993] that he would be able to complete the requirements for trial preparation on or before October 18, 1993." (R.Doc. 20 ¶ 4.) It became apparent to Lalan's counsel, after his absence on military duty for three and one-half weeks in August, that he would not be able to complete discovery by the cut-off of September 18, 1993 nor trial preparation by October 18, 1993. Lalan does not specify what discovery or preparation remained incomplete before trial.

The Trustee filed an objection to the motion. She pointed out that she had withdrawn the duplicative discovery requests which were inadvertently served on Lalan on September 13, 1993 and that this basis for continuance was moot. The Trustee further noted that Lalan's counsel received the Court's scheduling order of July, 1993 well in advance of his departure for military duty. That order scheduled both the discovery cut-off and trial dates and stated that unless a motion was filed before August 9, 1993, requesting amendments to the order, the court would not entertain any modifications to the order. The court denied Lalan's motion.

■ I need not, and in the absence of compelling circumstances should not, consider on appeal those issues that were not raised in the court below. *See Gillihan v. Shillinger,* 872 F.2d 935, 938 (10th Cir.1989). The only grounds raised by Lalan pre-trial as reasons for his request for continuance were the Trustee's recent discovery requests (which were then withdrawn) and the delay in his trial preparation due to his counsel's absence on military duty. Thus, I do not consider on appeal the issues raised for the first time concerning joint administration, conflicting procedural orders or difficulty in obtaining required documents from the depository set up by the Trustee on the court's order.

■ Due process requires that a person be given notice and an opportunity to be heard before being deprived of a property interest. *Fuentes v. Shevin,* 407 U.S. 67, 81–82, 92 S.Ct. 1983, 1994–95, 32 L.Ed.2d 556 (1972). The court's order of July 19, 1993 scheduled the discovery cut-off and trial dates and stated that the parties had until August 9, 1993, to request amendments to the order, after which the court would not consider any modifications to the order. The court gave Lalan adequate notice of the discovery cut-off and trial dates and an opportunity to seek amendment of these dates some time before his counsel's departure for military duty. Lalan filed his motion seeking amendment more than one month after the date allowed for seeking modification and one day before the discovery cut-off date. In denying the motion, the court did not deprive Lalan of notice or an opportunity to be heard. The court acted within its authority to enforce its scheduling order with a view toward promptly adjudicating the lawsuit. *See Estate of Costner v. Phillips Petroleum Co.,* 121 F.R.D. 690, 693 (W.D.Okla.1988). I

therefore find that the bankruptcy court did not deprive Lalan of due process.

## IV. *CONCLUSION*

For the aforesaid reasons, I AFFIRM.

## JUDGMENT

Pursuant to and in accordance with the Memorandum Decision on Appeal entered by the Honorable John L. Kane, Judge, on April 11, 1994 it is hereby

ORDERED that the decision of the bankruptcy court is affirmed.