**Neal K. MULKEY, Plaintiff,**

v.

**MERIDIAN OIL, INC., and Triad Drilling Company, Defendants.**

**No. CIV–91–529–C.**

United States District Court, W.D. Oklahoma.

Aug. 21, 1992.

Greg A. Morris, Richard L. Keirsey, and J. Michael Johnson of Morris & Morris, Oklahoma City, Okl., for plaintiff.

Albert Lewis Tait, Jr., Oklahoma City, Okl., for Meridian Oil, Inc.

R. Michael Chaffin, Huckaby, Fleming, Frailey, Chaffin & Darrah, Oklahoma City, Okl., for Triad Drilling.

## MEMORANDUM OPINION AND ORDER

CAUTHRON, District Judge.

Summary judgment was granted to defendants on July 16, 1992. At that time their motions for summary judgment had been pending for more than one hundred (100) days. Plaintiff responded to the motions on May 22, 1992, more than fifty (50) days after they were filed. Plaintiff's response was grounded solely on the opinion of an expert that defendant Triad was negligent in its construction of the oil derrick stand that fell on plaintiff. However, the affidavit submitted to support the response was neither signed nor sworn, thus it had no legal effect. There being no other evidence in opposition to defendants' motions for summary judgment, the motions were granted.

On July 27, 1992, plaintiff filed his Fed.R.Civ.P. 59(e) motion to alter or amend the July 16, 1992, judgment. Defendants oppose, of course, plaintiff's motion, and have filed objections. As grounds for his Rule 59(e) motion, plaintiff generally contends that "the exigent circumstances of [his counsel] contributed to counsel's failure to file a response brief with [a signed affidavit]" and that the defendants would not be prejudiced by granting the motion. Plaintiff's motion at 2–3 (July 27, 1992) (unnumbered pages). Under Rule 59(e), a Court has broad discretion to alter or amend its judgments. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990). In sum, plaintiff urges the Court to consider all attendant circumstances and conclude that the judgment should be vacated. The Court

has again considered all of the circumstances and finds that plaintiff's counsel's conduct is particularly egregious and warrants sanctions. An explanation of all circumstances is in order.

In support of his Rule 59(e) motion plaintiff describes in detail his and his counsel's tragic accidents. Plaintiff contends that the circumstances flowing from his counsel's accident "contribut[ed]" to counsel's failure to file an executed affidavit and, probably most importantly, that the information in the affidavit is "so central to the litigation that concluding this litigation without it is manifestly unjust." Plaintiff's brief at 8 (July 27, 1992).

Plaintiff also contends that no prejudice would befall defendants if his motion were granted—defendants were aware of the expert's opinions, no witnesses have become unavailable, and "[n]o significant amount of time has passed since the order was entered." *Id.* at 9. He also argues that not setting aside the July 16, 1992, judgment would result in a harsh and unjust result, as he is a quadriplegic, and to punish him for his counsel's omissions would be an extreme and unexpected result. *Id.*

■ The Court was well aware of counsel's accident when summary judgment was considered. On one hand the Court was faced with protecting the administration of justice by enforcing its procedural rules, and on the other being asked to permit a very seriously injured man to prosecute his case despite his counsel's errors. In considering the instant motion, the Court again considers the equities involved together with the applicable law and reluctantly concludes that plaintiff's motion should be granted.

The Court acknowledges that plaintiff's counsel, Greg Morris, indeed suffered a tragic accident of immense proportion, as has plaintiff. In short, Mr. Morris, his wife, and children were passengers in an airplane that crashed in New Mexico on March 29, 1992. Mrs. Morris died in the crash and Mr. Morris and his children were critically injured and have slowly recovered. Mr. Morris's son was in a coma for some time after the crash.

As to Mr. Mulkey's accident, he was twenty-eight years old when an oil derrick fell on him during a storm, rendering him a quadriplegic. If ever there were circumstances justifying extraordinary accommodation, they are certainly present here.

The Court first observes that Mr. Morris did not enter an appearance in this case until July 27, 1992, the same day the instant Rule 59(e) motion was filed, and therefore, the tragic circumstances of his accident are only remotely relevant. Plaintiff implicitly concedes this point, contending that Mr. Morris's accident "contributed" to counsel's errors.

Until July 27, 1992, another attorney in Mr. Morris's office, Mr. Rick Keirsey, handled this suit and signed the pleadings. Mr. Keirsey requested additional time to respond to the motions for summary judgment, a request that was stricken for failure to comply with the local rules. The request was not resubmitted, although after the response was seriously overdue, the Court ordered a response filed by May 22, 1992. This in effect granted the request for additional time to respond. A response was filed on May 22, 1992.[1] Summary judgment was granted on July 16, 1992.

Defendants, as noted, have filed objections to the instant motion. On August 10, 1992, with leave of Court plaintiff filed a reply to the objections. The reply contains only two matters that warrant discussion here. The first is plaintiff's contention that the Court's order of July 16, 1992, observed that in a previous order dated June 23, 1992 plaintiff was notified of the need to correct a deficiency in his motion for summary judgment. Reply at 3 (August 10, 1992). The Court did not make

---

1. As noted above, the sole ground proffered against summary judgment was the opinion of an expert on a single issue—that the defendants were negligent in their construction and maintenance of the oil derrick involved in the accident. Considering the length of time this case has been pending, an expert's opinion on this subject should not have been difficult to obtain—especially if, as it appears, it is this contention upon which the suit is based. Thus the extremely generous time extensions provided to plaintiff were likely unnecessary in the first place.

such an observation. Rather, the Court observed that by its order dated June 23, 1992, advising plaintiff to file a response to Meridian Oil Co.'s pending motion for summary judgment by July 1, 1992, plaintiff was in effect given yet another continuance and opportunity to correct any deficiencies in his response. Memorandum Opinion and Order at 4 (July 16, 1992). The May 22, 1992, response was docketed only as to Triad Drilling Co.'s motion, but considered by the Court as to both pending motions.

The second item in the reply warranting discussion is the major thrust of the reply—that Mr. Keirsey was suffering from emotional troubles and took a leave of absence from the firm. The reply contends that Mr. Keirsey was under such emotional strain that he sought psychological counseling. Further, the tenor of the reply would lead one to believe that Mr. Keirsey was under the emotional strain and took his leave of absence during the pendency of this matter. The reply specifically asserts that Mr. Keirsey "did not make his [emotional] difficulties known to the law firm of Morris & Morris until August 10, 1992, after returning from his leave of absence." Reply at 2. Exhibit B to the reply is a notarized letter from Hal Chandler, M.D., a psychiatrist, who writes that he "examined Rick Keirsey *today* and found that he needs a leave of absence. . . ." (Emphasis added.) The letter is dated August 10, 1992, the day Mr. Keirsey is alleged to have *returned* from his leave of absence, and the very day the reply was filed.

A final item needing discussion here is Mr. Keirsey's affidavit, filed with the Rule 59(e) motion, to the effect that he thought the expert's affidavit was signed and filed.[2] Plaintiff's motion to alter or amend judgment at Ex. D (July 27, 1992). The Court is compelled to comment on matters which, though occurring outside the record, help present the complete picture of counsel's egregious conduct. A deputy court clerk employed by this Court accepted the May 22, 1992, response, and informs the Court that she called the filer's attention to the

unsigned affidavit. The filer promised to file a signed affidavit the next business day. After receiving no signed affidavit within several business days, the deputy court clerk called plaintiff's counsel on May 29, 1992, and again inquired if a signed affidavit was forthcoming. Knowing this, the Court cannot in all candor consider statements of counsel as completely credible.

Returning to the merits of plaintiff's motion, the contentions regarding Mr. Morris's accident and Mr. Keirsey's emotional problems reveal a law firm out of control and unable to handle its caseload. Yet, as the Court observed in a previous order, the Morris & Morris firm continues to advertise daily on television seeking new clients. Order (June 23, 1992). What appear to be new advertisements recently began airing. Moreover, the Southwestern Bell Yellow Pages for Oklahoma City, distributed in early August, 1992, carries a full page color advertisement for Morris & Morris. Greater Oklahoma City Yellow Pages (Southwestern Bell July 1992–93) at 25. *See* ex. A. It is obvious that the Morris & Morris firm aggressively seeks new clients, yet is unable to competently represent existing clients.

Rule 1.16 of the Oklahoma Rules of Professional Conduct provides in part:

> [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>
> . . . .
>
> (2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client[.]

5 Okla.Stat., Ch. 1, App. 3–A.

■ Counsels' conduct in advertising for new clients and their contentions that physical and mental impairments made representation difficult do not square, and appear at odds with this professional conduct rule. The Court recognizes that lawyer advertising is a somewhat controversial

---

**2.** The expert's affidavit submitted with the instant motion is signed and notarized, and bears a notary date of July 23, 1992, more than two

months after the unsigned, unsworn affidavit was submitted.

practice and no comment is intended on advertising per se. Commentary and condemnation *is* intended, however, on the practice of actively seeking new clients when time, resources, and/or competence are not available to handle the filed actions of existing clients.

The Court also takes issue with plaintiff's assertion that this case has been otherwise diligently prosecuted. Other than the deficient affidavit, the response to the motions for summary judgment was not timely filed, the motion for extension of deadlines did not comply with local rules and was stricken, and no final contentions were filed by the scheduled deadline.[3] The file is replete with continuances. Additionally, this is not the only case before this Court in which plaintiff's counsel failed to make timely filings. *See Holland v. John Deere Co.*, No. CIV–91–977–C, 1992 WL 247107 (W.D.Okla. July 29, 1992) (denying reconsideration of summary judgment grant for defendants and finding that filing affidavit out of time could "develop [into] the neverending motion for summary judgment which would impose an intolerable toll on the just, speedy, and inexpensive determination of" lawsuits); *Powell v. Vanderslice*, No. CIV–91–1079–T, 1992 WL 247411 (W.D.Okla. June 25, 1992) (Alley, J.) (dismissing action as sanction for failure to attend settlement conference and failure to respond to show cause order); *Coberly v. O.F. Mossberg & Sons, Inc.*, No. CIV–91–633–W, 1992 WL 252145 (W.D.Okla. Feb. 11, 1992) (dismissing action as sanction for failure to respond to discovery and failure to comply with scheduling order).[4] In addition, Mr. Keirsey has been sanctioned for failing to comply with a scheduling order. *Roy v. American Professional Mktg.*, 117 F.R.D. 687, 690 (W.D.Okla.1987) (failure to timely file final contentions, joint statement of case, voir dire, or trial brief).

Plaintiff concludes his brief by referring to the court's "conscience that justice be done in light of all the facts." Conscience requires that attention also be paid to defendants' rights—including the right to have allegations against them heard in a timely manner. Fed.R.Civ.P. 1 provides that the procedural rules "shall be construed to secure the just, speedy, and inexpensive determination of every action."

█ The circumstances of this case are analogous to the failure of a party to respond to a dispositive motion. The precedent is clear in such cases that dismissal of a case for failure to respond is a "severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice." *Hancock v. City of Okla. City*, 857 F.2d 1394, 1396 (10th Cir.1988); *see also Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988); *Ford v. Fogarty Van Lines*, 780 F.2d 1582, 1583 (11th Cir.1986); *Witt v. United States*, 681 F.2d 1144, 1149 (9th Cir.1982). While it can be argued on one hand that this case was decided on its merits—there was no evidence creating a genuine issue of fact—it is so simply because the Court did not consider an unsigned, unsworn affidavit. Had the affidavit been considered, it would have defeated the motions for summary judgment.

Another tenet of law in this Circuit is that in situations where counsel have, for example, failed to respond to a motion for summary judgment, " '[i]f the fault lies with the attorneys, that is where the impact of action should be lodged.' " *D G Shelter Prods. Co. v. Forest Prods. Co.*, 769 F.2d 644, 645 (10th Cir.1985) (quoting *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th Cir.1984) (en banc)); *see also Hollis v. United States*, 744 F.2d 1430, 1433 (10th Cir.1984) (dismissal of action too severe as sanction; court should instead consider monetary sanction against attorneys). It certainly appears here that Mr. Mulkey had no part in counsel's errors. Counsel do not contend that Mr. Mulkey had any part in the failure to properly respond to the dispositive motions, and indeed, the evidence points only to counsel. Thus, exercising discretion in denying the

---

**3.** *See also* n. 1, *ante* at 259.

**4.** Interestingly, the dismissal in *Coberly* occurred several weeks before Mr. Morris's unfortunate plane crash.

instant motion would be to punish the party for his counsel's conduct.

An available option here is that judgment could be set aside, the case reopened, and an appropriate sanction imposed against counsel for the failure to timely and properly respond to the dispositive motions. The Court reluctantly elects to take this option, with certain conditions.

First, no further delays of any sort will be tolerated. Plaintiff's counsel is ordered to proceed with the prosecution of this matter without delay. Second, Mr. Mulkey shall be made aware of this order. Counsel shall provide him a copy of this order, together with the briefs and affidavits filed with the motion and reply. Counsel shall insure that plaintiff understands the import of this order, and further that he understands that future omissions of counsel shall not be tolerated and will result in the dismissal with prejudice of this action. Counsel shall also explain to Mr. Mulkey why they continue to seek new clients despite the rather obvious conclusion that counsels' physical and alleged emotional difficulties have made it difficult to handle his case, that in fact the case was lost as a result of counsel's omissions, and that, despite this reinstatement of plaintiff's claims, any further omission by counsel will result in dismissal. Because counsel's affidavits are not completely credible, counsel's compliance with this order shall be attested to by Mr. Mulkey within five days of the date of this order. Finally, Mr. Mulkey's attestation shall also indicate that he understands the Court's directive explained in the next section of this order.

Plaintiff's instant motion also sought permission, in the event this motion is granted, to file a supplemental brief in opposition to the motions for summary judgment. In light of the rulings made herein, that request is denied except that the Court will consider the now signed and sworn affidavit of the expert.

■■■ Defendants' motions for summary judgment were grounded on the proposition that an Act of God caused the accident, and therefore they could not be liable. This is indeed the general rule. *Public*

*Serv. Co. v. Sonagerra*, 208 Okl. 95, 253 P.2d 169, 171 (1952). However, this rule only applies where there is no concurrent negligence on the defendant's part. *Id.* The expert's affidavit asserts Triad was negligent, and therefore a genuine issue of material fact is present that precludes the entry of summary judgment. Defendants' motions for summary judgment are therefore denied.

Finally, Meridian urges that even if this Court grants the instant motion, the judgment in its favor should stand, as the expert's affidavit makes no mention of Meridian, stating only that Triad was negligent in its construction and maintenance of the derrick that fell on Mr. Mulkey. This contention must fail as the complaint asserts that Triad was negligent and known to be so by Meridian, and that Meridian negligently hired Triad. Complaint at 2 (unnumbered pages), ¶ 10 (April 17, 1991).

## SHOW CAUSE ORDER

■■ The Court finds that plaintiff's counsel has violated the scheduling order issued in this matter, both in the failure to timely and properly respond to the motions for summary judgments and in the failure to timely file final contentions. Defense counsel may also be aware of scheduling order violations of which the Court is unaware, and defense counsel are invited to inform the Court by appropriate pleading. Should defense counsel deem it necessary to advise the Court of additional scheduling order violations, they shall do so within five days of receipt of this order, serving plaintiff's counsel as well as the Court.

Pursuant to Fed.R.Civ.P. 16(f) sanctions are appropriate for such conduct because pursuant to the case law discussed above, sanctions are a more appropriate remedy than is dismissal or the entry of judgment. The Court believes plaintiff's counsel's conduct has "unnecessarily required the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Gibbs v. Oklahoma Dep't of Transp.*, No. CIV–90–1911–C, Order at 7, 1991 WL 405514 (W.D.Okla. Aug. 21, 1991), *aff'd,*

968 F.2d 19 (10th Cir.1992) (Order & Judgment), *petition for cert. filed* (1992). Counsel's conduct has also wasted the time of defense counsel who may be entitled to fees and costs associated with responding to the instant motion.

In *In re Baker,* 744 F.2d 1438 (10th Cir.1984) (en banc), *cert. denied,* 471 U.S. 1014, 105 S.Ct. 2016, 85 L.Ed.2d 299 (1985), the court in approving sanctions for a counsel's failure to meet scheduling order deadlines noted that "we are dealing with the matter most critical to the court itself: management of its docket and evidence of unnecessary burdens on the tax-supported court, opposing parties or both." 744 F.2d at 1441. "In managing and controlling its ever-increasing caseload, [a] Court has the inherent and statutory power, and mandatory duty to sanction [a] defaulting party or attorney." *Estate of Costner v. Phillips Petroleum Co.,* 121 F.R.D. 690, 694 (W.D.Okla.1988) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court may also impose a monetary sanction to account for its own time expended in dealing with unnecessary matters. *Royalty Petroleum Co. v. Arkla, Inc.,* 129 F.R.D. 674, 685 (W.D.Okla.1990); *Continental Trend Resources, Inc. v. Oxy USA, Inc.,* No. CIV–90–1006–A, Order at 8 (W.D.Okla. June 12, 1991). Court time has been estimated to cost $600 per hour. *Royalty Petroleum Co.,* 129 F.R.D. at 685 (citing *Robinson v. Moses,* 644 F.Supp. 975, 982–83 (N.D.Ind.1986)).

Counsel for plaintiff is hereby *ordered to SHOW CAUSE within fifteen (15) days* of this order why an appropriate sanction should not be imposed. As dismissal of the case or, in the exercise of discretion, *not* granting the instant motion may be too harsh, the Court believes that a monetary sanction against counsel is more appropriate. The Court has expended considerable time on this matter, time which would not have been spent if the response to the motions for summary judgment had been timely and in proper form. The Court believes that a monetary sanction equivalent to five (5) hours of court time is an appropriate penalty for the conduct described here, even though the Court has spent considerably more than five hours on this matter. If a sanction is imposed, the Court will require that it be suffered by counsel, and not in any way or form shifted to plaintiff, either as a cost, expense, additional attorney fee, or reduction in any potential recovery.

Counsel for defendants shall file their application for fees and costs related to responding to the motion to alter or amend judgment within five days of the date of this order. Plaintiff shall file an objection to such fees and costs, SHOWING CAUSE why they should not be imposed, or accede to them without further court action. Should counsel for plaintiff object to paying defense costs and fees, the show cause response thereto shall be combined with the show cause response filed with regard to the Court's proposed monetary sanction.

Mr. Mulkey shall include in his attestation a statement that he understands any sanction imposed by the Court as to either attorneys fees, costs, and/or a monetary fine are to be shouldered by his counsel, and not in any manner whatsoever shifted to him.

The Court may elect to hold a hearing to further develop the record regarding counsel's conduct; however, a hearing is not necessarily required and counsel should prepare their written response to this show cause order assuming that no hearing will be held. *White v. General Motors Corp.,* 908 F.2d 675, 686 (10th Cir.1990) (citing *Braley v. Campbell,* 832 F.2d 1504, 1514 (10th Cir.1987) (en banc)); *Oliveri v. Thompson,* 803 F.2d 1265, 1280 (2d Cir. 1986), *cert. denied sub nom.,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

The Clerk of this Court is directed to provide a copy of this order to all District Judges, Bankruptcy Judges, and Magistrate Judges of the Western District of Oklahoma. Finally, the Clerk of this Court is directed to mail a copy of this order to the General Counsel of the Oklahoma Bar Association, for further action as in his sole discretion he sees fit to take.

## CONCLUSION

For the reasons explained more fully above, the Court hereby orders the following:

1.  Plaintiff's motion to alter or amend judgment is GRANTED.

2.  The judgment of July 16, 1992, is hereby VACATED, and this case returned to the active docket.

3.  Defendants' motions for summary judgment, filed March 31, 1992, and April 1, 1992, are DENIED.

4.  Plaintiff's counsel shall immediately comply with the directives regarding informing Mr. Mulkey of this order, as more fully set forth on pages 262 and 263 of this order.

5.  Mr. Mulkey shall attest counsel's compliance with this order within five days of the date of this order.

6.  Defendants shall file their application for fees and costs related to the motion to alter or amend judgment within five days of the date of this order.

7.  Plaintiff's counsel shall SHOW CAUSE within fifteen (15) days of the date of this order why monetary sanctions and defense attorneys' fees and costs should not be imposed.

8.  Each counsel shall file a proposed revised scheduling order within fifteen (15) days of the date of this order.

9.  The Clerk of this Court is ordered to send a copy of this opinion to all District Judges, Bankruptcy Judges, and Magistrate Judges of the Western District of Oklahoma, and a copy to the General Counsel of the Oklahoma Bar Association.

IT IS SO ORDERED.

EXHIBIT A

# Injured?

**We're here to help.**

## No Fee Unless We Collect Money For You

### Morris & Morris

**ATTORNEYS AT LAW**
*Experienced Trial Attorneys*

Greg A. Morris

**Free Home & Hospital Appointments**

- Auto Accidents
  - Dangerous Products
    - Work Related Injuries
- Medical Malpractice
  - Other Injuries

*FOR A FREE CONSULTATION CALL*

# 843-4LAW (4529)

4801 N. Classen • Oklahoma City

EXHIBIT
A.