The MARTIN FAMILY TRUST,
a California Living Trust,
Plaintiff,

v.

HECO/NOSTALGIA ENTERPRISES CO.,
a California corporation, Defendant.

No. CVS–99–520 GEB/PAN.

United States District Court,
E.D. California.

June 9, 1999.

## AMENDED ORDER IMPOSING SANCTIONS

BURRELL, District Judge.

This sanctioning matter involves a recurring problem caused by lawyers who disregard filing requirements in orders issued under Rule 16 of the Federal Rules of Civil Procedure. On May 11, 1999, an Order to Show Cause (OSC) was issued in this case obligating Plaintiff to explain in writing why sanctions should not be imposed for its failure to file a status report as required by the Court's Rule 16 Order Setting Status (Pretrial Scheduling) Conference filed March 16, 1999.[1] On May 28, 1999, Plaintiff filed a timely response to the OSC. Plaintiff did not request a hearing.

Plaintiff's response to the OSC indicates that its counsel misperceives both a federal judge's sanctioning authority under Rule 16(f) and counsel's obligation to strictly comply with a filing deadline prescribed in a Rule 16 order.[2] Rule 16(f) gives a federal judge authority to sanction a party or a party's attorney who fails to obey a scheduling order. The rule provides in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order ..., the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just...." Fed.R.Civ.P. 16(f); *see Legault v. Zambarano*, 105 F.3d 24, 28 (1st Cir.1997). Under Rule 16(f) courts have "very broad discretion to use sanctions where necessary to insure not only that lawyers and

---

1. The OSC further stated that "[i]f Defense counsel was served with a copy of the March 16 Order and had time to comply with its requirements, said counsel must also respond to this OSC...." Defense counsel filed a timely response to the OSC. Defense counsel's response is addressed separately in an opinion not for publication.

2. Plaintiff's response to the OSC erroneously assumes that the OSC issued under authority other than that conferred by Rule 16(f). Since the OSC issued to Plaintiff under Rule 16(f), Plaintiff's reliance on cases discussing standards applicable to other judicial sanctioning authority is misplaced.

parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they *fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.*" *Matter of Sanction of Baker,* 744 F.2d 1438, 1440 (10th Cir.1984) (en banc) (emphasis added); *see also* Fed. R.Civ.P. 16(f) advisory committee's note ("[E]xplicit reference to sanctions reenforces the rule's intention to encourage forceful judicial management."); *Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986) (indicating the purpose of Rule 16 is "to encourage forceful judicial management"). Rule 16(f) was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes "the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Mulkey v. Meridian Oil, Inc.,* 143 F.R.D. 257, 262 (W.D.Okla.1992).

 Thus, violations of Rule 16 are neither technical nor trivial, but involve a "matter most critical to the court itself: management of its docket" and the avoidance of unnecessary delays in the administration of its cases. *Baker,* 744 F.2d at 1441. Accordingly, it is the duty of the trial court, "within the spirit of its total powers, including Rule 16, to impose sanctions ... in a manner designed to solve the management problem." *Id.* at 1442. As the First Circuit observed in *Legault:*

> [T]he trial judge has an independent responsibility to enforce the directives he has laid down for the case.... "Rules are rules—and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a district judge must often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly to escape the foreseeable consequences of noncompliance."

*Legault,* 105 F.3d at 28–29 (quoting *Mendez v. Banco Popular de Puerto Rico,* 900 F.2d 4, 7 (1st Cir.1990)). Similarly, as the Ninth Circuit has emphasized: "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' ... Disregard of the order would undermine the court's ability to control its docket ... and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992).

 Plaintiff's response to the OSC fails to provide justification for Plaintiff's failure to file a status report as required no later than "fourteen days prior to the May 17, 1999, scheduling conference," and is, thus, utterly insufficient to avoid imposition of sanctions under Rule 16(f). Plaintiff was warned in the March 16 Order that failure to file a status report "May result in the imposition of sanctions." *See* March 16 Order at 3. Thus forewarned about the possibility of sanctions, Plaintiff should not have ignored its status report filing obligation. The essence of Plaintiff's argument is that its counsel was too busy trying to settle the case to be mindful of the status report filing date, but this excuse does not justify non-compliance with the Rule 16 Order. "Calendars are simply too crowded for parties to treat scheduling orders as optional" and to submit required court filings "at their own convenience." *Robson v. Hallenbeck,* 81 F.3d 1, 4 (1st Cir.1996).

Plaintiff states that "[i]n hindsight, [Plaintiff] certainly would file some sort of document apprising the Court of the parties' diligent settlement efforts and expectation of resolution of this dispute, particularly since those negotiations ultimately failed...." Pl.'s Resp. to OSC at 6. But Plaintiff should have used foresight to realize that it risked being exposed to sanctions by neglecting its obligation to file a status report. Plaintiff's failure to submit a timely status report, even one that included a request for a period of time within which to conduct settlement negotiations, was inexcusable and effectively boycotted prescribed pretrial procedures.[3]

---

3. Parties may include in their status report a request that the judge allow for a period of time

604

If the Court had not issued an OSC, it appears that Plaintiff would have entirely ignored its obligation to submit a status report under Rule 16.

■ Plaintiff nonetheless argues that its conduct should not be sanctioned because its counsel had a realistic chance of settling the case. This argument trivializes the import of a Rule 16 scheduling order by suggesting a party can violate the order with immunity from sanctions and ignores litigants' "unflagging duty to comply with clearly communicated case-management orders...." *Rosario–Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir.1998). Both courts and commentators agree that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See Ayers v. City of Richmond,* 895 F.2d 1267, 1270 (9th Cir.1990) (affirming sanction of lawyer for failure to attend settlement conference because "the date 'slipped by him' "); *Ford v. Alfaro,* 785 F.2d 835, 839–40 (9th Cir.1986) (upholding sanction imposed for failure to file a pretrial statement and to attend a pretrial hearing); *Ikerd v. Lacy,* 852 F.2d 1256, 1258–59 (10th Cir.1988) ("Neither contumacious attitude nor chronic failure is a necessary threshold to the imposition of sanctions."); *Harrell v. United States,* 117 F.R.D. 86, 88 (E.D.N.C. 1987) ("Improper motive, bad-faith, even reckless behavior, is not a prerequisite for finding a violation of [a] Rule [16 order]"); William W. Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial* § 15:81 (TRG 1994) ("*Negligent failure to comply* with Rule 16 justifies imposition of appropriate sanctions.") (emphasis in original); 6A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1531 (1990) ("The fact that a pretrial order was violated is sufficient to allow some sanction.").

Since justification for non-compliance with the status report filing requirement has not been shown, and because a judge's impartiality could be implicated if he or she fails to administer the requirements of Rule 16 scheduling deadlines in an even-handed manner, sanctions are imposed. *Cf. Mohasco Corp. v. Silver,* 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980) ("[I]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of even-handed administration of the law.") Furthermore, sanctions are appropriate here because disobedience of the status report filing requirement has resulted in delay and further expense in the administration of this case. *See Sanders v. Union Pacific Railroad Co.,* 154 F.3d 1037, 1041 (9th Cir.1998) ("In our continuing efforts to achieve justice for individual litigants, we must not allow the flagrant disobedience of judges' orders to bring about further delay and expense."). Moreover, sanctions are appropriate as a means of deterring neglect of Rule 16 obligations. *See Media Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation.").

■ Therefore, attorney Kenneth Keller is sanctioned in the amount of THREE HUNDRED DOLLARS ($300.00) for his failure to timely comply with the March 16, 1999, Order.[4] Although the amount of this sanction does not reflect the effect of counsel's misconduct on either the integrity of the court's docket or the sanctity of Rule 16, the Court trusts this sanction is sufficient to deter Plaintiff's counsel and others from similar misconduct. The sanction is personal to counsel, is to be borne by him personally, and is not to be transmitted to his client by way of a charge or attorney's fees and/or

for settlement negotiations. The judge will evaluate that request in fashioning a workable pretrial scheduling order.

4. "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." *Baker,* 744 F.2d at 1442. Sometimes the faults of attorneys, and their consequences, are visited upon clients. *See In re Hill,* 775 F.2d 1385, 1387 (9th Cir.1985). Here, it is evident that the fault lies with Plaintiff's counsel, who did not think he was required to comply with the Court's Rule 16 Order while he engaged in settlement negotiations.

costs. Payment shall be made to the Clerk of the Court for this District within fifteen (15) days from the date this Order is filed. The check shall be made payable to "Clerk, U.S. District Court."

Proof of payment must be sent to the undersigned judge's chambers within five (5) days of payment.[5]

IT IS SO ORDERED.

---

5. Counsel is warned that failure to pay this sanction as ordered could result in imposition of additional sanctions and institution of contempt and disbarment proceedings. *See* L.R. 83–184.