**Frank A. ZAK**

v.

**James KENNEY.**

**No. Civ.A. 3:97 CV 1525 (SRU).**

United States District Court,
D. Connecticut.

Oct. 18, 2000.

Timothy Brignole, Timothy Brignole & Associates, Hartford, CT, for plaintiff.

Scott M. Karsten, Sack, Spector & Barrett, West Hartford, CT, Terrance M. O'Neill, Attorney General's Office, Hartford, CT, for defendant.

### ORDER IMPOSING SANCTIONS

UNDERHILL, District Judge.

On July 12, 2000, the court issued an oral order to show cause requiring Terrence M. O'Neill, counsel for defendant, to show cause why the defendant should not be defaulted for repeated failures to comply with court orders requiring the filing of a pretrial memorandum. Defendant filed a written response to the order to show cause on July 26, 2000.

On or about September 25, 2000, the court ruled that the defendant would not be defaulted for ignoring these court orders, but ordered Attorney O'Neill to show cause on or before October 13, 2000 why the court should not impose sanctions, costs and/or attorneys' fees directly against him for the failure: (1) to comply with the court's orders or to seek an extension of time to do so, (2) to file the pretrial memorandum, and (3) to inform the court of the existence of his potential conflict of interest until eight months after the potential conflict arose and a mere eight days before a jury selection dated July 13, 2000 that had been set months earlier. Attorney O'Neill's response to the order to show cause was itself filed late on October 16, 2000.

Although the defendant was not sanctioned for ignoring the court orders, the court will impose sanctions directly against defendant's counsel.

*Background*

Despite the fact that three separate, specific orders issued requiring the filing of a trial memorandum in this case, and despite the fact that counsel never moved to extend the deadlines for filing or otherwise to excuse compliance with those orders, counsel for the defendant never complied with those orders by filing a trial memorandum. Nor did counsel comply with an earlier order to show cause issued after failure to file a trial memorandum in the spring of 1999.

This action was removed from Superior Court in July 1997. On November 14, 1997,

Judge Christopher F. Droney approved the parties' Rule 26(f) report, setting a September 30, 1998 deadline for filing the trial memorandum. On February 8, 1999, after the once-extended deadline for filing dispositive motions had passed, Judge Droney issued an order requiring the trial memorandum to be filed on or before April 2, 1999. Both parties ignored this order. Accordingly, on July 7, 1999, Judge Droney issued an order to show cause concerning the parties' failure to file a trial memorandum. The defendant never responded to the order to show cause. On July 26, 1999, Judge Droney granted plaintiff's motion to extend the deadline for filing the trial memorandum, resetting the deadline for that pleading to August 26, 1999. The plaintiff filed a pleading on August 26, 1999 in partial compliance with the latest trial memorandum order; the defendant filed nothing.

On September 2, 1999, this case was transferred to the undersigned. On September 20, 1999, the court issued a scheduling order providing, in relevant part, that "[a] single, jointly prepared and signed, joint trial memorandum will be submitted by the parties in compliance with the trial memorandum order that will be forthcoming from the Court early next year." The order cautioned that compliance with the order "would be strictly enforced" and that further extensions of time would not be granted.

In early November 1999, defendant's counsel learned of a potential conflict of interest affecting his ability to represent the defendant in this matter. The court was not informed of the existence of the potential conflict and no motion raising the potential conflict was filed for eight months thereafter.

On January 31, 2000, trial counsel were ordered to appear on March 2nd to discuss trial readiness and the scheduling of the case for a final pretrial conference, jury selection and trial. At the calendar call, the court discussed the need for defendant to file a pretrial memo, and set the case for jury selection on July 13, with trial to begin on July 17, 2000. Also on March 2, 2000, the court issued a pretrial order requiring the filing of a joint trial memorandum on or before April 3, 2000. Nothing was filed in

response to that order. On July 5, 2000, a mere eight days before jury selection, the defendant filed a motion to continue jury selection and trial, raising for the first time the issue of a conflict of interest.

*Discussion*

Although a defendant can be defaulted for his failure to comply with court orders, *see, e.g.,* Fed.R.Civ.P. 16(f) (if an attorney fails to obey a scheduling or pretrial order, the court is empowered to make an order pursuant to Rule 37(b), which permits, *inter alia,* entry of a judgment by default against the disobedient party), the circumstances of this case do not call for that harsh result. The repeated failures of defendant's counsel to respond in any way to formal, written orders of the court, however, cannot go unpunished. The failure of defendant's counsel to keep the court informed of material matters affecting the trial of this case, counsel's failure to comply with court orders, and the consequent significant delay in the trial date for this case, all compel the imposition of sanctions. Local Rule 31(a) provides that: "It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court...." L.R.Civ.P. 31(a). Similarly, Local Rule 11(f) provides that, for failure to comply with orders issued pursuant to Rule 11, including scheduling orders setting the time for filing a joint trial memorandum, *see* L.R.Civ.P. 11(b), the court, "in its discretion may impose such sanctions as are authorized by law, including without limitation ... an order with respect to the imposition on the party or, where appropriate, on counsel personally, of costs and counsel fees, or such other order with respect to the continued prosecution or defense of the action as is just and proper." L.R.Civ.P. 11(f).

Counsel claims that, at no time did he willfully disobey or violate the orders of this court. Def.'s Response to Order to Show Cause at 5. Attorney O'Neill nevertheless concedes that:

> The undersigned and his superiors were aware that a joint pretrial memorandum was scheduled to be filed by April 3, 2000.

Since (1) trial was not scheduled to commence until July 2000, (2) it was possible at that time that no conflict may ultimately develop, and (3) that the plaintiff had made no effort to comply with the Court's March 2, 2000 pretrial order, the undersigned and his superiors *decided to refrain from filing a trial memorandum at that time.* No extension of time was sought because no valid reason for an extension existed other than the nature of the potential conflict of interest, the disclosure of which could have prejudiced the defense of Sheriff Kenney.

*Id.* at 2–3 (emphasis added). Although counsel could have disclosed his potential conflict of interest under seal to the court, he did not do so until eight months after the potential conflict arose and a mere eight days before jury selection. Moreover, Attorney O'Neill states that he "had not had any communication with Sheriff Kenney since prior to November, 1999." It is unclear how counsel intended to resolve the potential conflict if he was not communicating with his client.

In short, counsel has offered no excuse for the failure to comply with the February 8, 1999, July 7, 1999 and July 26, 1999 orders of the court. Counsel offers his conflict of interest as an excuse for failure to comply with the March 2, 2000 order, but has not offered an acceptable excuse for waiting from November 1999 until July 2000 to bring that issue to the court's attention. It appears that counsel may have been advised or even required by his superiors to act as he did in this matter, and, if so, the criticism in this order is misplaced. Nevertheless, each counsel appearing in a case has an individual duty to comply with court orders and to act with candor toward the court; those obligations have not been met here.

Accordingly, Terrence M. O'Neill shall pay $250.00 to the clerk of this court as sanctions for disobeying orders of the court. This amount shall be paid promptly. *See* L.R.Civ.P. 31(b) ("the Clerk shall not accept for filing any papers from an attorney ... against whom sanctions have been imposed until there has been payment of said sanctions."). This order shall not be interpreted as preventing Attorney O'Neill's employer from reimbursing him the full amount of the sanctions.

It is so ordered.