**Harold RICE, Plaintiff,**

v.

**Kenneth BARNES, Defendant.**

**No. Civ.A. 00–D–1206–E.**

United States District Court,
M.D. Alabama,
Eastern Division.

July 3, 2001.

Charles N. Parnell III, James M. Smith, Parnell & Crum, Montgomery, AL, for plaintiff.

Robert R. Riley, Jr., B. Keith Jackson, Riley & Jackson, Birmingham, AL, for defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

The court held a pre-trial conference on July 2, 2001. The court and the parties discussed numerous matters, including the tardy filing of the proposed pre-trial order submitted by Plaintiff's attorney, James M. Smith. After careful consideration of the statements of counsel, the relevant law, and the record as a whole, the court finds that Smith is due to be sanctioned in the amount of $175. This sum shall be paid to the Clerk of Court within five business days.

### I. FACTUAL BACKGROUND

This is a diversity case involving an alleged oral agreement for the transfer and sale of some commercial property in northwest Georgia. Plaintiff brought state law contract claims that implicated the Statute of Frauds and several esoteric equitable claims for accounting and "money had and received." Plaintiff basically alleges that Defendant disproportionately profited from the property sale, and that equity and good conscience demand that Defendant share the wealth with Plaintiff. Prior to the pre-trial, the court granted summary judgment on all claims except for money had and received, which essentially is a claim to recover funds spent by mistake, under compulsion, or for insufficient consideration.[1]

Pursuant to Rule 16 of the *Federal Rules of Civil Procedure,* the court set a pretrial hearing in chambers July 2, 2001. In an order dated June 1, 2001, the court directed the parties jointly to submit a proposed pretrial order no later than five business days

---

1. The claim is based on the theory of unjust enrichment. For a general definition, see BLACK's LAW DICTIONARY 29 (7th ed.1999); P.A. DAVIS, TILLEY's ALABAMA EQUITY § 12–2 at 277–79 (3d ed.1994).

prior to the pretrial hearing.[2] In this District, attorneys customarily follow a procedure whereby defense counsel prepares his contentions and forwards them to plaintiff's counsel. Plaintiff's counsel then adds his contentions, the parties review the joint submission, and they then arrange to deliver the order to the Clerk of Court. Many parties also deliver a courtesy copy to chambers, but this is not required.

In this case, the pre-trial order was due June 25, 2001. Two days later, it still had not been received. Neither party sought an extension. The morning of June 27, the court called Defendant's counsel, B. Keith Jackson, and Plaintiff's co-counsel, James M. Smith and Charles N. "Nick" Parnell III. Jackson offered to bring his contentions to the court immediately, but the court advised Jackson to confer with Plaintiff's attorneys and bring a complete order as soon as possible. Jackson faxed his contentions to Parnell and Smith shortly thereafter. He also told them that they could file the pre-trial order without further ado, provided they did not alter any of Defendant's own contentions or stipulations. When the court got through to the law offices of Smith and Parnell, the court left a message with Parnell's legal assistant regarding this matter.

That afternoon, the court again phoned Parnell, and the assistant stated that Parnell and Smith were both out of town. Parnell apparently was with his daughter at an orientation session for incoming first-years at the University of Georgia. Therefore, he delegated this case to Smith. Smith apparently was trying a case in Birmingham. At the pre-trial conference, he gave no excuse for failing to contact chambers or for failing to file the pre-trial order in the 24–hour dropbox that night.

The next morning, June 28, the court again spoke with Parnell and Smith's legal assistant, who relayed that Smith said he would "hopefully" have something in by that afternoon. The day elapsed; the order never materialized. Smith claims he was in a bankruptcy proceeding in Selma and did not return to the office until after 6 p.m.[3] He acknowledges receiving the court's messages, but he inexplicably never contacted the court.

Meanwhile, the next morning, acting under the assumption that the order had been filed with the Clerk of Court but inadvertently not copied and sent to chambers, the court left a fourth message asking for a copy immediately. The assistant did not return the phone call. Several hours later, after learning that the order had not been filed, the court directed the United States Marshal to personally serve the legal assistant with an order demanding Parnell and Smith to show cause why they should not be sanctioned or held in criminal contempt.

The court finally received the pre-trial order around 4:30 p.m. on June 29. Smith appeared at the July 2 pre-trial conference on Plaintiff's behalf. During the conference, the court was surprised to hear Jackson state that Smith had altered one of Defendant's stipulations. Though this change was not made in bad faith, the pre-trial order was inaccurate as a result. The court allowed Smith to explain things and then took matters under advisement.

## II. DISCUSSION

Rule 16(f) of the *Federal Rules of Civil Procedure* reads in the disjunctive; it provides for sanctions if "a party or party's attorney fails to obey a scheduling *or* pretrial order." The court's June 1 order directed the parties to file a pre-trial order and stated, in part, that "[a]ll parties should prepare and have ready all possible admissions of fact and documents which might avoid unnecessary proof upon trial." Thus, the June 1 order furthered the scheduling and planning purposes of Rule 16(b) and is properly seen as a derivative of the Uniform Scheduling Order entered October 30, 2000. Therefore, the court may issue sanctions for a violation of this and any other scheduling order, no less than if counsel had disregarded the deadlines set forth within the four corners of the Uniform Scheduling Order itself. *See*

---

2. Doc. No. 25.

3. The court's staff routinely works past 6 p.m. The court also has an answering machine and a fax machine.

*Huda v. Elrac, Inc.,* 1995 WL 527695 at *1 (S.D.N.Y.1995).

The court does not enter scheduling orders merely to create paperwork for the court's staff. The court requires parties to submit proposed pre-trial orders five business days before the pre-trial conference so the court can carefully review the parties' contentions, strengths, and weaknesses. Without a firm grasp of these and other issues, the court cannot engage in candid, meaningful discussion, and the conference is rendered a ceremonial and ritualistic exercise that wastes the time and resources of counsel and the court.

 "Under Rule 16(f) courts have 'very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial.'" *Martin Family Trust v. Heco/Nostalgia Enter. Co.,* 186 F.R.D. 601, 603 (E.D.Cal.1999) (quoting *Matter of Sanction of Baker,* 744 F.2d 1438, 1440 (10th Cir.1984) (en banc)). "'Calendars are simply too crowded for parties to treat scheduling orders as optional' and to submit required court filings 'at their own convenience.'" *Id.* (quoting *Robson v. Hallenbeck,* 81 F.3d 1, 4 (1st Cir.1996)).

The court finds that Smith, at minimum, negligently failed to prepare and submit a timely proposed pre-trial order. His cavalier actions were neither substantially justified nor harmless; they compromised the court's ability to manage its docket and shepherd this case to trial. While there is sufficient evidence to find that Smith wilfully disobeyed the court's orders, the court need not make such a finding to impose sanctions. *See Stallworth v. E–Z Serve Convenience Stores,* 199 F.R.D. 366, 369 (M.D.Ala.2001).

The court fully understands the pressures of practicing law; however, the court cannot allow attorneys to flout deadlines and escape the foreseeable consequences of doing so. "Courts of justice are universally acknowledged to be vested, by their very creation,

with power to impose ... submission to their lawful mandates." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991). Based on the foregoing, the court shall sanction Smith $175 for his disregard of the June 1, 2001 scheduling order. *See Zak v. Kenney,* 197 F.R.D. 212, 214 (D.Conn.2000) (sanctioning counsel for not filing pretrial memo); *Martin, supra* at 604 (same for not filing status report); FED. R.CIV.P. 16(f).

## III. ORDER

It is CONSIDERED and ORDERED that James M. Smith, Esq., be and the same is hereby SANCTIONED in the amount of $175.00. Said sum shall be paid to the Clerk of Court via certified check within five business days. This sanction shall not be taxed to the client.